# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Kristine Teall, <br><br> Plaintiff, <br><br> v. <br><br> Midland Credit Management, Inc., <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Kristine Teall ("Kristine"), is a natural person who resided in Tecumseh, Michigan, at all times relevant to this action.

2. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that maintained its principal place of business in San Diego, California at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

1

## STATEMENT OF FACTS

5. At all times relevant to this action, MCM collected consumer debts.

6. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of MCM's revenue is debt collection.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, MCM contacted Kristine to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Kristine is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Throughout May 2020, and within the last twelve months, MCM telephoned Kristine's daughter, Courtney ("Daughter") in connection with the collection of the debt.

13. MCM's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Kristine and Kristine's family members.

14. MCM unreasonably relied upon inaccurate information provided to MCM by one (1) or more original creditors for whom MCM purchased data to collect a debt when MCM called Daughter's cellular telephone.

15. MCM's policies and procedures violate the FDCPA.

16. At least one telephone call MCM made to Daughter was made for purposes other than to confirm or to correct Kristine's location information.

17. Within the last twelve months, MCM called Daughter over a dozen times, often multiple times per day.

18. Daughter is not on Kristine's cellular phone account and is the regular subscriber and only regular user to the number MCM was repeatedly calling.

19. During one communication, on or around May 22, 2020, MCM disclosed to Daughter that Kristine owed a debt to MCM.

20. During this communication, MCM asked Daughter to have Kristine call MCM back.

21. During this communication in connection with the collection of a debt, MCM did not disclose to Daughter that it was a debt collector or that it was attempting to collect a debt or how it would use information obtained from Kristine.

22. During this communication, MCM told Daughter that if Kristine wanted more information about the debt that Kristine needed to log on to MCM's website to get updated account information and to make a payment.

23. At the time of this communication, MCM already had Kristine's location information.

24. In the months to follow, MCM retained the law firm of Stenger & Stenger, PC ("Law Firm") to assist with MCM's debt collection efforts.

25. In fact, in accordance with MCM's instructions, Law Firm filed a lawsuit against Kristine to collect the alleged debt.

26. Despite filling suit, MCM stalled prosecuting the lawsuit to the point that the Judge warned MCM of the Court's intention to Dismiss MCM's lawsuit if MCM didn't start prosecuting their case.

27. In accordance with the warning, the Court dismissed MCM's lawsuit on April 19, 2021.

28. Following the Judge's Order to Dismiss, the Clerk Entered the Dismissal on April 21, 2021.

29. Despite the Clerk's Entry of Dismissal, MCM attempted to file a Motion for Default Judgment along with a Bill of Costs.

30. MCM's request for Judgment requested a Total Judgment in excess of what Kristine allegedly owed as MCM failed to credit Kristine with all of the payments it has received.

31. MCM's collection efforts caused Kristine emotional distress in the form of frustration, annoyance, extreme embarrassment, aggravation and anxiety.

32. MCM's collection efforts also intruded upon Kristine's privacy.

33. In addition, MCM's conduct caused Kristine to have repeated conversations with her daughter explaining her financial situation, assuring Daughter that Kristine was not in trouble and caused friction and instability between Kristine and her daughter.

34. MCM's attempt to seek Judgment against Kristine in a case where the action was already dismissed for want of prosecution was confusing and traumatic to Kristine as it would be to the least sophisticated consumer.

35. Additionally, MCM's spurious demand for Judgment in an amount not authorized by law or as permitted by the underlying agreement caused Kristine substantial stress and anxiety.

36. This harm was foreseeable for MCM as a majority of MCM's Judgments are obtained through Default Judgments and therefore rely on MCM's accounting.

37. The harm caused by MCM was the harm the FDCPA was enacted to prevent.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

38. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

39. MCM violated 15 U.S.C. § 1692b by the manner in which it communicated with Kristine's daughter.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

40. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

41. MCM violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Kristine's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

42. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

43. MCM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kristine in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

44. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

45. MCM violated 15 U.S.C. § 1692d(5) by causing Daughter's telephone to ring repeatedly with intent to annoy, abuse, or harass Kristine.

6

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

46. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

47. MCM violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

48. Kristine re-alleges and incorporates by reference Paragraphs 5 through 37 above as if fully set forth herein.

49. MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

50. Kristine demands a trial by jury.

## PRAYER FOR RELIEF

51. Kristine prays for the following relief:

    a. Judgment against MCM for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

May 7, 2021                        By: /s/ Jeffrey S. Hyslip
                                        Jeffrey S. Hyslip, Esq.
                                        Hyslip Legal, LLC
                                        1309 Park St., Suite A
                                        McHenry, IL 60050
                                        Phone: 614-490-4224
                                        jeffrey@hysliplegal.com
                                        Ohio Bar No. 0079315

                                        *Attorney for Plaintiff*